*Rec 55/847*

*15.*
*EX A*

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ADVANCE STEEL CO.,

      Plaintiff,

v.

TRIORIENT TRADING, INC.,

      Defendant.

_____/

Case: 2:06-cv-15474
Assigned To: Battani, Marianne O
Referral Judge: Whalen, R. Steven
Filed: 12-11-2006 At 02:17 PM
CMP ADVANCED STEEL VS TRIORIENT TRA
DING (LE)

JASON S. HEGEDUS, PLC
By:    Jason S. Hegedus (P57026)
Attorney for Plaintiff
1668 Telegraph Road, Suite 140
Bloomfield Hills, Michigan 48302|
(248) 283-0642

_____/

There is no other pending or resolved civil action arising out
of the same transaction or occurrence alleged in this
Complaint.

Jason S. Hegedus (P57026)

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Advance Steel Co. ("Advance Steel"), by and through its counsel, Jason S. Hegedus, PLC, and complains for money damages against Defendant, Triorient Trading, Inc. ("Defendant"), for the following reasons:

## PARTIES, JURISDICTION AND VENUE

1.      Advance Steel is a Michigan corporation with its principal place of business in Michigan systematically and continuously transacting business throughout Metropolitan Detroit, including the County of Wayne.

2.      Defendant is a New York Corporation with its principal place of business in Connecticut, but systematically and continuously transacting business throughout Metropolitan Detroit, including the County of Wayne.

3.      This lawsuit arises out of a contractual relationship for the purchase of steel between Advance Steel and Defendant and concerns Defendants failure to fulfill its obligation by delivering inferior steel thereby causing damages to Plaintiff.

4.      This court has original jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1), as this action is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. 1391(a), as Triorient conducts business in this district in which a substantial part of the events giving rise to the claims asserted in this action accrued.

## GENERAL ALLEGATIONS

5.      Advance Steel incorporates by reference all paragraph nos. 1 through 5 as if fully stated herein.

6.      On or about March 11, 2004, Advance Steel purchased steel from Defendant (See Exhibit "A").

7.      At the time of the agreement, Advance Steel needed the steel so it could be resold to its client for use in constructing buildings.

8.      Moreover, Defendant knew that the steel was going to be used in the construction of buildings.

9.      In addition, Defendant knew that the gauge tolerances on the steel had to be as follows: 4,800,000 lbs of a .057 minimum gauge steel and 4,800,000 lbs of a .068 minimum gauge steel (See Exhibit "A").

10.     Defendant delivered the steel to Advance Steel and Advance Steel paid Defendant in full.

11.     Upon receipt of the steel, Advance Steel delivered the steel to its client MBCI.

12.     On or about September 20, 2004, MCBI notified Advance Steel that there were defects with the steel.  Specifically, Advance Steel was notified that a large portion of the steel was below the minimum gauge requirement as agreed to by Defendant. Shortly thereafter, MCBI notified Advance Steel that a large portion of steel was flaking and peeling thereby making it nonusable.

3

13.     These and other defects rendered Defendant's steel unusable for Advance Steel's intended purposes.

14.     The defects and failure to meet specifications in the steel have caused Advance Steel to incur substantial expenses and other damages including consequential and incidental damages. These damages include, but are in no way limited to, storage charges, lost profits, lost business opportunities, loss of goodwill, attorney's fees and interest. Advance Steel's damages continue to accrue.

## COUNT I
## BREACH OF CONTRACT

15.     Advance Steel incorporates by reference paragraph nos. 1 through 14 as if fully stated herein.

16.     Pursuant to their agreement, Defendant was contractually obligated to deliver to Advance Steel steel that met specifications, was free from defects and was fit for Advance Steel's intended purposes.

17.     Advance Steel has fulfilled all of its material contractual obligations to Defendant.

18.     Defendant's delivery of defective steel constitutes a breach of the contract.

19.     As a direct and proximate result of Defendant's breach, Advance Steel has sustained damages that include, but are not limited to, storage charges, lost profits, lost business opportunities, loss of goodwill, consequential and incidental damages, and attorney's fees and interest.

4

WHEREFORE, Advance Steel Co. respectfully requests that this Honorable Court enter a judgment in favor of Advance Steel and against Defendant in excess of seventy five thousand ($75,000.00) dollars as this Honorable Court deems fair and equitable and further order Defendant to pay costs and attorney fees so unjustly sustained.

## COUNT II
## BREACH OF EXPRESS WARRANTY

20.     Advance Steel incorporates by reference paragraph nos. 1 through 19 as if fully stated herein.

21.     Defendant expressly warranted to Advance Steel that the steel it supplied to Advance Steel would be the correct gauge, free from defects, and fit for Advance Steel's intended purposes.

22.     The steel delivered by Defendant was not of the correct gauge, not free from defects, and not fit for Advance Steel's intended purpose.

23.     The defects in the steel delivered by Defendant are not curable.

24.     Defendant's actions constitute a breach of the express warranty.

25.     As a direct and proximate result of Defendant's breach of it express warranty, Advance Steel has sustained damages that include, but are not limited to, storage charges, lost profits, lost business opportunities, loss of goodwill, consequential and incidental damages, and attorney's fees and interest.

WHEREFORE, Advance Steel Co. respectfully requests that this Honorable Court enter a judgment in favor of Advance Steel and against Defendant in excess of seventy

five thousand ($75,000.00) dollars as this Honorable Court deems fair and equitable and further order Defendant to pay costs and attorney fees so unjustly sustained.

## COUNT III
## BREACH OF IMPLIED WARRANTY

26.     Advance Steel incorporates paragraph nos. 1 through 25 as if fully stated herein.

27.     Defendant is a merchant that sells goods of the kind (i.e., the steel) sold to Advance Steel.

28.     Implied in the contract between Advance Steel and Defendant is a warranty that the steel provided by Defendant to Advance Steel would be merchantable.

29.     To be merchantable, the Defendant's steel was required to: a) pass without objection in the trade under the contract description; b) be fit for the ordinary purposes for which such goods are used; c) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and d) conform to the promises or affirmations of fact made on the container or label, if any.

30.     Defendant breached the implied warranty of merchantability.

31.     As a direct and proximate result of Defendant's breach of this implied warranty, Advance Steel has sustained damages that include, but are not limited to, storage charges, lost profits, lost business opportunities, loss of goodwill, consequential and incidental damages, and attorney's fees and interest.

6

WHEREFORE, Advance Steel Co. respectfully requests that this Honorable Court enter a judgment in favor of Advance Steel and against Defendant in excess of seventy five thousand ($75,000.00) dollars as this Honorable Court deems fair and equitable and further order Defendant to pay costs and attorney fees so unjustly sustained.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

32.     Advance Steel incorporates by reference paragraph nos. 1 through 31 as if fully stated herein.

33.     Defendant, at the time of contracting with Advance Steel, knew and/or had reason to know of particular purposes for which Advance Steel required the steel and that Advance Steel was relying on Defendant's skill and judgment to select and furnish suitable goods.

34.     Implied in the sales contract between Defendant and Advance Steel is a warranty that the steel would be fit for Advance Steel's purposes.

35.     Defendant breached the implied warranty of fitness for a particular purpose between the parties when it provided Advance Steel with steel that was not fit for Advance Steel's purposes.

36.     As a direct and proximate result of Defendant's breach of this implied warranty, Advance Steel has sustained damages that include, but are not limited to,

storage charges, lost profits, lost business opportunities, loss of goodwill, consequential and incidental damages, and attorney's fees and interest.

WHEREFORE, Advance Steel Co. respectfully requests that this Honorable Court enter a judgment in favor of Advance Steel and against Defendant in excess of seventy five thousand ($75,000.00) dollars as this Honorable Court deems fair and equitable and further order Defendant to pay costs and attorney fees so unjustly sustained.

Respectfully submitted,

JASON S. HEGEDUS, PLC

By: _____
Jason S. Hegedus (P57026)
Attorneys for Plaintiff
1668 Telegraph Road, Suite 140
Bloomfield Hills, Michigan 48302
(248) 283-0642

Dated: December _11_, 2006

8

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ADVANCE STEEL CO.,

     Plaintiff,

v

TRIORIENT TRADING, INC.,

     Defendant.

_____/

Case: 2:06-cv-15474
Assigned To: Battani, Marianne O
Referral Judge: Whalen, R. Steven
Filed: 12-11-2006 At 02:17 PM
CMP ADVANCED STEEL VS TRIORIENT TRA
DING (LE)

JASON S. HEGEDUS, PLC
By:   Jason S. Hegedus (P57026)
Attorney for Plaintiff
1668 Telegraph Road, Suite 140
Bloomfield Hills, Michigan 48302|
(248) 283-0642

_____/

## DEMAND FOR JURY TRIAL

    **NOW COMES** Plaintiff, Advance Steel Co., by and through its counsel, Jason S.

Hegedus, PLC, and hereby demands a trial by jury in the above cause.

              Respectfully submitted,

              JASON S. HEGEDUS, PLC

              By:

                 Jason S. Hegedus (P57026)
                 Attorneys for Plaintiff
                 1668 Telegraph Road, Suite 140
                 Bloomfield Hills, Michigan 48302
Dated: December _11_, 2006       (248) 283-0642



# ADVANCE STEEL CO.

**9635 FRENCH ROAD**
**DETROIT, MICHIGAN 48213**
PH. (313) 571-6700
FAX (313) 571-6707

**SHEET ▪ PLATE ▪ COIL**

| PURCHASE ORDER | NUMBER | PAGE | DATE |
|---|---|---|---|
| | #7698 | 1 | 03/11/2004 |
| SALESPERSON: CHAD | | | RECV DATE: 06/01/2004 |
| F.O.B.: HOUSTON - LOADED TRK | TERMS: REGULAR | | |
| BUYER: DAVID ZANVILLE | SHIP VIA: ADVANCE | | VEND ID: 08301 |

TRI-ORIENT TRADING
2 STAMFORD PLAZA
281 TRESSEN BLVD.  SUITE 1505
STAMFORD, CT  06901

SHIP TO:
ADVANCE STEEL PICKUP
FAX RELEASE  ATTN:DAN DICARLO
FAX: 313-571-6707

MBC(

TERMS: 0.50% 10 DAYS, NET 30 DAYS

| LINE | ITEM | LENGTH DESCRIPTION | WEIGHT | COST | AMOUNT |
|---|---|---|---|---|---|
| 001 | 48.18700" G416 | 16 GA HOT-DIPPED GALV COIL .0579 MIN .48.1870 X COIL | 4800000 LBS | 39.50/CWT | 1,896,000.00 |

12/4/04  on 35285 - 1,082,726# (50)
35286 - 1,058,718# (50)
35287 - 1,040,362# (50)
35287 - 388,677# (25)
12/6/04  on 35393 - 431,463# (25)

HD GALV. PRIMES
ASTM  A653  GRADE 50
GA TOL:.057/.063  AIM LOW SIDE OF GAUGE / or /
WIDTH TOL:+.125 -.000  ID:20/24  LIFT WT:15-20,000#
END USE: ROLL FORMING  OHC UNLOADING
AIM.57000min YLD  70000min TEN  21%max ELONG IN 2"
FOB: LOADED TRUCK  DUTY PAID - HOUSTON
DELIVERY DATE:  6/01/04 OR ASAP
* ORDER REVISED PER D.ZANVILLE  3/22/04

| 002 | MISC | | 0 LBS | 0.00/0 | 0.00 |

* CERTIFICATION REQUIRED
* WE WILL NOT ACCEPT STEEL WITH LARGE CENTER
  BUCKLES OR BELLED EDGES
* ALL STEEL SHALL CONFORM TO GAUGE TOLERANCES,
  SURFACE STANDARDS, AND BE OF GOOD SHAPE. IN THE
  EVENT WE RUN INTO LAMINATION, PICKLE PATCH,
  SCALE, MULTI-GAUGE, OR SEVERE FLATNESS PROBLEMS,
  WE WILL AUTOMATICALLY SEEK AN ADJUSTMENT AND
  FINALIZE IF YOU CHOOSE TO SEND YOUR
  REPRESENTATIVE.

| | 4,800,000 TOTAL LBS | | ORDER TOTAL | 1,896,000.00 |

If there are any corrections to be made, please advise within three days. We reserve the right to correct all stenographic errors.
Kindly render invoices in duplicate. The above order number must appear on all invoices and slips.
This order not valid unless acknowledged and accepted immediately.
If the material is not shipped on or before the time specified herein, the purchaser has privilege of cancelling without notice.

Authorized By                                      Accepted By



# ADVANCE STEEL CO.

9635 FRENCH ROAD
DETROIT, MICHIGAN 48213
PH: (313) 571-6700
FAX (313) 571-6707

SHEET • PLATE • COIL



| PURCHASE ORDER | | NUMBER #7697 | PAGE 1 | DATE 03/11/2004 |
|---|---|---|---|---|
| SALESPERSON: CHAD | | | | RECV DATE: 05/10/2004 |
| F.O.B.: HOUSTON - LOADED TRK | | TERMS: REGULAR | | 06/01/2004 |
| BUYER: DAVID ZANVILLE | | SHIP VIA: ADVANCE | | VEND ID: 08301 |

TRI-ORIENT TRADING
2 STAMFORD PLAZA
281 TRESSEN BLVD. SUITE 1505
STAMFORD, CT 06901

SHIP TO:
ADVANCE STEEL PICKUP
FAX RELEASES ATTN:DAN DICARLO
FAX: 313-571-6707

TERMS: 0.50% 10 DAYS, NET 30 DAYS

MOCI

| LINE | ITEM | LENGTH DESCRIPTION | WEIGHT | COST | AMOUNT |
|---|---|---|---|---|---|
| 001 | 48.18750" G415 | 15 GA HOT-DIPPED GALV COIL .0684 MIN 48.1875 X COIL | 4000000 LBS | 39.50/CWT | 1,580,000.00 |

HD GALV. PRIMES
ASTM A653 GRADE 50
G90 CHEM TREAT LT.OIL

GA TOL:.068/.073 AIM LOW SIDE OF GAUGE
ID:20/24 LIFT WT:15-20.000# END USE:ROLL FORMING
AIM 57000min YLD 70000min TEN 21% ELONG IN 2"
FOB: LOADED TRUCK DUTY PAID - HOUSTON
DELIVERY DATE: 5/10/04 OR ASAP

| 002 | MISC | | 0 LBS | 0.00/0 | 0.00 |

* CERTIFICATION & PHYSICALS REQUIRED
* WE WILL NOT ACCEPT STEEL WITH LARGE CENTER
  BUCKLES OR BELLED EDGES
* ALL STEEL SHALL CONFORM TO GAUGE TOLERANCES,
  SURFACE STANDARDS, AND BE OF GOOD SHAPE. IN THE
  EVENT WE RUN INTO LAMINATION, PICKLE PATCH,
  SCALE, MULTI-GAUGE, OR SEVERE FLATNESS PROBLEMS,
  WE WILL AUTOMATICALLY SEEK AN ADJUSTMENT AND
  FINALIZE IF YOU CHOOSE TO SEND YOUR
  REPRESENTATIVE.

| 4,000,000 TOTAL LBS | | ORDER TOTAL | 1,580,000.00 |
|---|---|---|---|

If there are any corrections to be made, please advise within three days. We reserve the right to correct all stenographic errors.
Kindly render invoices in duplicate. The above order number must appear on all invoices and slips.
This order not valid unless acknowledged and accepted immediately.
If the material is not shipped on or before the time specified herein, the purchaser has privilege of cancelling without notice.

Authorized By

Accepted By

COPY 4



# ADVANCE STEEL CO.

SHEETS • STRIPS • COILS

9635 French Road   •   Detroit, MI 48213   •   (313) 571-6700
FAX: (313) 571-6707   •   http://www.advancesteel.com



## FACSIMILE COVER SHEET

DATE: 3/22

TO: TiNA / Chad / Chanmanile

COMPANY:

# OF PAGES: 1   (including cover)

FROM: David Z.

REMARKS:

Purchase Orders revisions

po# 7698
    057m x 48.187
increase quantity to 4,800,000 #
                              @ 39.50

po# 7697
    .068m x 48.187
increase quantity to 4,800,000 #
                              @ 39.50

# JS 44 CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Advanced Steel, Inc.

## DEFENDANTS

Triorient Trading, Inc.

**(b)** County of Residence of First Listed Plaintiff   Wayne County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
JASON S HEGEDUS PLC,
1668 Telegraph Rd. Suite 140, Bloomfield Hills MI 48302
(248) 283-0642

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ | | king |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | Case: 2:06-cv-15474 | | |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | Assigned To: Battani, Marianne O | | ienced and |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | Referral Judge: Whalen, R. Steven | | ations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | Filed: 12-11-2006 At 02:17 PM | | it |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | CMP ADVANCED STEEL VS TRIORIENT TRADING (LE) | | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ce |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | | | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☑ 190 Other Contract | ☐ 360 Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS  Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)

- ☑ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a)(1)

Brief description of cause:
Breach of contract and warranties related to purchase of steel

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
December 11, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☑ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :